1

2

3

4

5

6

7

8                                     UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11     PETER JON ELLIS,                                    No.  2:22-cv-0942 KJM DB PS

12                         Plaintiff,

13            v.                                           ORDER AND

14     COUNTY OF EL DORADO MENTAL                          FINDINGS AND RECOMMENDATIONS
       HEALTH DIVISION,
15

16                         Defendant.

17

18            Plaintiff Peter Jon Ellis is proceeding in this action pro se.  This matter was referred to the

19     undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  On June 1,

20     2022, plaintiff filed a complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. §

21     1915.  (ECF No. 1.)  On October 20, 2022, the complaint was dismissed with leave to amend.

22     (ECF No. 5.)  On December 12, 2022, plaintiff filed a notice of voluntary dismissal resulting in

23     this action being closed.  (ECF Nos. 6 & 7.)  Plaintiff has now filed a request to reopen this

24     action, a request for an extension of time to file an amended complaint, and an amended

25     complaint.  (ECF Nos. 8-11.)

26            Plaintiff's request to reopen this action will be granted.  However, the court is required to

27     screen complaints brought by parties proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2);

28     see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).  Here, plaintiff's

                                                         1

amended complaint is deficient.  Accordingly, for the reasons stated below, the undersigned will recommend that plaintiff's amended complaint be dismissed without further leave to amend.[1]

### I.    Plaintiff's Application to Proceed In Forma Pauperis

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

---

[1] In this regard, the undersigned will screen the amended complaint and plaintiff's request for an extension of time to file an amended complaint will be granted *nunc pro tunct*.

570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II.   Plaintiff's Amended Complaint

The allegations found in the amended complaint are difficult to decipher.  Named as defendants are a "Jane Doe Supervisor" and "Jane Done Subordinate" of the El Dorado County Behavioral Health Department.  (Am. Compl. (ECF No. 10) at 1-2.[2])  The amended complaint alleges that plaintiff "is an ADA patient with a mental disability."  (Id.)  "Another patient claimed plaintiff was in possessions of a weapon on the grounds at the El Dorado County Behavior Health Office."  (Id. at 3.)  Plaintiff complains that "the employees did with deliberate indifference failed to summon authorities, thus it was never proven that plaintiff actually had a 'weapon[.]'"  (Id.)  Instead, they apparently called the "Probation Department of where plaintiff was on supervision[.]"  (Id.)  This somehow constituted "discrimination," and the circumvention of "the judicial function of proving false allegations[.]"  (Id. at 3-4.)

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557).  A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

Here, the amended complaint fails to allege any act by any defendant that could support a claim.  The amended complaint attempts to assert a claim pursuant to 42 U.S.C. § 12132, which provides that:

> . . . no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

In this regard, Title II of the Americans with Disabilities Act ("ADA") prohibits a public entity from discriminating against a qualified individual with a disability on the basis of disability.  42 U.S.C. § 12132 (1994); Weinrich v. L.A. County Metro Transp. Auth., 114 F.3d 976, 978 (9th Cir.), cert. denied, 522 U.S. 971 (1997).

"Generally, public entities must 'make reasonable modification in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.'"  Pierce v. County of Orange, 526 F.3d 1190, 1215 (9th Cir. 2008) (quoting 28 C.F.R. § 35.130(b)(7)).  To state a claim under Title II, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits by the public entity; and (4) such exclusion, denial of benefits or discrimination was by reason of the plaintiff's disability.  Simmons v. Navajo County, Ariz, 609

////

4

1   F.3d 1011, 1021 (9th Cir. 2010); McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir.

2   2004); Weinrich, 114 F.3d at 978.

3       Furthermore, "[t]o recover monetary damages under Title II of the ADA, a plaintiff must

4   prove intentional discrimination on the part of the defendant." Duvall v. County of Kitsap, 260

5   F.3d 1124, 1138 (9th Cir. 2001). The standard for intentional discrimination is deliberate

6   indifference, "which requires both knowledge that a harm to a federally protected right is

7   substantially likely, and a failure to act upon that likelihood." Id. at 1139. For a claim under the

8   ADA to be successful, the plaintiff must both "identify 'specific reasonable' and 'necessary'

9   accommodations that the state failed to provide" and show that the defendant's failure to act was

10  "a result of conduct that is more than negligent, and involves an element of deliberateness." Id. at

11  1140. Although "[t]he ADA prohibits discrimination because of disability," it does not provide a

12  remedy for "inadequate treatment for disability." Simmons, 609 F.3d at 1022 (citing Bryant v.

13  Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he Act would not be violated by a prison's

14  simply failing to attend to the medical needs of its disabled prisoners . . . . The ADA does not

15  create a remedy for medical malpractice.")).

16      Here, while plaintiff may argue that plaintiff was denied public services at the Behavioral

17  Health Center, the amended complaint alleges that was because a patient reported that plaintiff

18  had a weapon, not because plaintiff was disabled. (Am. Compl. (ECF No. 10) at 3.) The

19  amended complaint thus fails to state a claim for discrimination.

20  **III.    Further Leave to Amend**

21      For the reasons stated above, plaintiff's amended complaint should be dismissed. The

22  undersigned has carefully considered whether plaintiff could further amend the complaint to state

23  a claim upon which relief can be granted. "Valid reasons for denying leave to amend include

24  undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan

25  Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath

26  Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall

27  be freely given, the court does not have to allow futile amendments).

28  ////

Here, given the defects noted above and plaintiff's inability to successfully amend the complaint, the undersigned finds that granting plaintiff further leave to amend would be futile.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's December 22, 2022 request to disregard voluntary dismissal (ECF No. 8) is granted;

2. Plaintiff's December 22, 2022 motion for an extension to time to file an amended complaint (ECF No. 9) is granted;

3. Plaintiff's January 6, 2023 request to reopen (ECF No. 11) is granted; and

4. The Clerk of the Court shall reopen this case.

Also, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's June 1, 2022 application to proceed in forma pauperis (ECF No. 2) be denied;

2. Plaintiff's December 22, 2022 amended complaint (ECF No. 10) be dismissed without further leave to amend; and

3. This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 12, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/ellis0942.dism.f&rs

6