UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER JON ELLIS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF EL DORADO MENTAL HEALTH DIVISION,<br><br>Defendant. | No.  2:22-cv-00942 KJM DB PS<br><br><br><br>ORDER |

      Plaintiff is proceeding in this action pro se.  The matter was referred to a United States Magistrate Judge as provided by Local Rule 302(c)(21).

      On February 13, 2023, the magistrate judge filed findings and recommendations, which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days after service of the findings and recommendations.  The time for filling objections has expired, and plaintiff has not filed any objections to the findings and recommendations.

      The court presumes that any findings of fact are correct.  *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979).  The magistrate judge's conclusions of law are reviewed de novo.  *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the magistrate judge are reviewed de novo by both the district court and [the appellate] court

1

. . . ."). Having reviewed the file, the court finds the findings and recommendations to be mostly supported by the record and by the proper analysis. The magistrate judge found plaintiff's "in forma pauperis application makes the [required] financial showing," but then recommends that the court deny the application. Findings and Recommendations at 2, ECF No. 12. However, under the in forma pauperis statute, 28 U.S.C. § 1915(a)(1), the plaintiff does not need to pay the fee—and therefore the application should be granted—if the plaintiff shows they are unable to pay the fee. No more is required. Based on the magistrate judge's factual finding, then, plaintiff's application to proceed in forma pauperis should be granted. The statute's provisions regarding screening the complaint do not constrain granting the application. *See* 28 U.S.C. § 1915(e)(2). Thus, the court **grants** the application.

In addition, although the court agrees with the magistrate judge's conclusion that the amended complaint does not state a claim for discrimination, *see* Findings and Recommendations at 5, it disagrees that leave to amend would be futile. "Dismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (quoting *Shucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)). The court cannot conclude on the current record that leave to amend would be futile. Although plaintiff has not alleged the Behavioral Health Center discriminated against him on the basis of his disability, plaintiff could conceivably add allegations to meet the applicable standard. *See* Findings and Recommendations at 4–5. Moreover, the previous findings and recommendations that explained why plaintiff's initial complaint did not state a claim focused on his prior *Monell* claim, with only a single conclusion addressing his ADA claim. *See* Prior Findings and Recommendations at 6, ECF No. 5. As a result, the court **grants** plaintiff a final opportunity to amend his complaint to add sufficient factual allegations to plead his ADA claim, if he is able.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed February 13, 2023 (ECF No. 12) are adopted in part;

/////

      2. Plaintiff's June 1, 2022 application to proceed in forma pauperis (ECF No. 2) is granted;

      3. Plaintiff's December 22, 2022 amended complaint (ECF No. 10) is dismissed with leave to amend; and

      4. This action is referred back to the magistrate judge for further pretrial proceedings.

DATED: July 10, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE