UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER JON ELLIS, | No. 2:22-cv-0942 KJM DB PS |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF ELDORADO MENTAL HEALTH DIVISION, | |
| Defendant. | |

Plaintiff Peter Jon Ellis is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's second amended complaint, motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and motion to appoint counsel. (ECF Nos. 2, 18-19.) The second amended complaint alleges that plaintiff was discriminated against as a result of a disability.

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiff's second amended complaint is deficient. Accordingly, for the reasons stated below, plaintiff's second amended complaint will be dismissed with leave to amend.

////

I.     **Plaintiff's Application to Proceed In Forma Pauperis**

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

(9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II. Plaintiff's Second Amended Complaint

The second amended complaint fails to contain a short and plain statement of a claim showing that plaintiff is entitled to relief. In this regard, the second amended complaint alleges that on March 14, 2022, "the Eldorado County Department of Mental Health failed to provide the plaintiff from the participation in its meal program . . . on the basis of his mental health conditions." (Sec. Am. Compl. (ECF No. 18) at 3.) "In conjunction" with these allegations, "on June 2, 2022, plaintiff was denied . . . the services of the El Dorado County Probation Department and the El Dorado County Public Defenders Office" as a result of "a condition that was put on the plaintiff by the probation department" to not come "within 100 feet of the El Dorado County Probation Department." (Id. at 4.) Plaintiff seeks "[m]onetary relief in the amount of $50,000." (Id. at 5.)

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555,

////

3

557).  A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

Plaintiff may be attempting to assert claims against the County of El Dorado for violation of 42 U.S.C. § 1983, and/or the Americans with Disabilities Act.  However, "[i]n Monell v. Department of Social Services, 436 U.S. 658 (1978), the Supreme Court held that a municipality may not be held liable for a § 1983 violation under a theory of respondeat superior for the actions of its subordinates."[1]  Castro v. County of Los Angeles, 833 F.3d 1060, 1073 (9th Cir. 2016).  In this regard, "[a] government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights."  Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing Monell, 436 U.S. at 694).

In order to allege a viable Monell claim plaintiff "must demonstrate that an 'official policy, custom, or pattern' on the part of [the defendant] was 'the actionable cause of the claimed injury.'"  Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1143 (9th Cir. 2012) (quoting Harper v. City of Los Angeles, 533 F.3d 1010, 1022 (9th Cir. 2008)).  There are three ways a "policy" can be established.  See Clouthier v. County of Contra Costa, 591 F.3d 1232, 1249-50 (9th Cir. 2010).

"First, a local government may be held liable 'when implementation of its official policies or established customs inflicts the constitutional injury.'"  Id. at 1249 (quoting Monell, 436 U.S. at 708 (Powell, J. concurring)).  Second, plaintiff may allege that the local government is liable for a policy of inaction or omission, for example when a public entity, "fail[s] to implement procedural safeguards to prevent constitutional violations" or fails to adequately train its employees.  Tsao, 698 F.3d at 1143 (citing Oviatt v. Pearce, 954 F.2d 1470, 1477 (9th Cir. 1992)); see also Clouthier, 591 F.3d at 1249 (failure to train claim requires plaintiff show that "the need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need.") (quoting City of Canton v. Harris, 489 U.S. 378, 390

---

[1] A county itself—not an agency or department—is a proper defendant for a 42 U.S.C. § 1983 claim.  See Vance v. Cnty. of Santa Clara, 928 F. Supp. 993, 996 (N.D. Cal. 1996).

4

1 (1989)); Long v. County of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006) ("To impose liability against a county for its failure to act, a plaintiff must show: (1) that a county employee violated the plaintiff's constitutional rights; (2) that the county has customs or policies that amount to deliberate indifference; and (3) that these customs or policies were the moving force behind the employee's violation of constitutional rights."). "Third, a local government may be held liable under § 1983 when 'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" Clouthier, 591 F.3d at 1250 (quoting Gillette v. Delmore, 979 F.2d 1342, 1346–47 (9th Cir. 1992)).

However, a complaint alleging a Monell violation "'may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.'" AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011)). At a minimum, the complaint should "identif[y] the challenged policy/custom, explain[ ] how the policy/custom was deficient, explain[ ] how the policy/custom caused the plaintiff harm, and reflect[ ] how the policy/custom amounted to deliberate indifference[.]" Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009); see also Little v. Gore, 148 F.Supp.3d 936, 957 (S.D. Cal. 2015) ("Courts in this circuit now generally dismiss claims that fail to identify the specific content of the municipal entity's alleged policy or custom.").

Here, the second amended complaint fails to contain any allegations establishing a Monell violation. With respect to the Americans with Disabilities Act, ("ADA"), Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability on the basis of disability. 42 U.S.C. § 12132 (1994); Weinrich v. L.A. County Metro Transp. Auth., 114 F.3d 976, 978 (9th Cir.), cert. denied, 522 U.S. 971 (1997).

"Generally, public entities must 'make reasonable modification in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.'" Pierce v. County of Orange,

5

1  526 F.3d 1190, 1215 (9th Cir. 2008) (quoting 28 C.F.R. § 35.130(b)(7)).  To state a claim under
2  Title II, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability;
3  (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public
4  entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in
5  or denied the benefits by the public entity; and (4) such exclusion, denial of benefits or
6  discrimination was by reason of the plaintiff's disability.  Simmons v. Navajo County, Ariz, 609
7  F.3d 1011, 1021 (9th Cir. 2010); McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir.
8  2004); Weinrich, 114 F.3d at 978.
9       Furthermore, "[t]o recover monetary damages under Title II of the ADA, a plaintiff must
10 prove intentional discrimination on the part of the defendant."  Duvall v. County of Kitsap, 260
11 F.3d 1124, 1138 (9th Cir. 2001).  The standard for intentional discrimination is deliberate
12 indifference, "which requires both knowledge that a harm to a federally protected right is
13 substantially likely, and a failure to act upon that likelihood."  Id. at 1139.  For a claim under the
14 ADA to be successful, the plaintiff must both "identify 'specific reasonable' and 'necessary'
15 accommodations that the state failed to provide" and show that the defendant's failure to act was
16 "a result of conduct that is more than negligent, and involves an element of deliberateness."  Id. at
17 1140.
18      "The Ninth Circuit has made clear that under the ADA a plaintiff is required to identify
19 specific, reasonable accommodations that a defendant failed to provide."  Green v. Tri-Cnty.
20 Metropolitan Transp. District of Oregon, 909 F.Supp.2d 1211, 1219 (D. Or. 2012).  Moreover,
21 although "[t]he ADA prohibits discrimination because of disability," it does not provide a remedy
22 for "inadequate treatment for disability."  Simmons, 609 F.3d at 1022 (citing Bryant v. Madigan,
23 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he Act would not be violated by a prison's simply failing to
24 attend to the medical needs of its disabled prisoners . . . .  The ADA does not create a remedy for
25 medical malpractice.")).
26      Here, the second amended complaint fails to contain any allegations addressing
27 defendant's deliberate indifference or refusal to provide a reasonable accommodation.
28 ////

### III. Further Leave to Amend

For the reasons stated above, plaintiff's second amended complaint must be dismissed. The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, the undersigned cannot yet say that it appears beyond doubt that further leave to amend would be futile. Plaintiff's second amended complaint will therefore be dismissed, and plaintiff will be granted leave to file a third amended complaint. Plaintiff is cautioned, however, that if plaintiff elects to file a third amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete

in itself without reference to prior pleadings. The third amended complaint will supersede the second amended complaint, just as the amended complaint superseded the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

**IV.     Motion to Appoint Counsel**

Plaintiff is informed that federal district courts lack authority to require counsel to represent indigent plaintiffs in civil cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel under the federal in forma pauperis statute, but only under exceptional circumstances. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate his or her claims. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Here, plaintiff's second amended complaint has been dismissed with leave to amend. Accordingly, at this time, the undersigned cannot find that plaintiff is likely to succeed on the merits. Plaintiff's motion for appointment of counsel, therefore, will be denied without prejudice to renewal.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. The second amended complaint filed October 18, 2023 (ECF No. 18) is dismissed with leave to amend.[2]

---

[2] Plaintiff need not file another application to proceed in forma pauperis at this time unless plaintiff's financial condition has improved since the last such application was submitted.

8

2. Within twenty-eight days from the date of this order, a third amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[3]  The third amended complaint must bear the case number assigned to this action and must be titled "Third Amended Complaint."

3. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

4. Plaintiff's November 3, 2023 motion to appoint counsel (ECF No. 19) is denied without prejudice to renewal.

Dated:  May 2, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/ellis0942.dism.lta2.ord

---

[3] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

9